## COUCH v. CITY OF TULSA.

No. A-11570.  Oct. 22, 1952.

(249 P. 2d 474.)

Doerner, Rinehart & Stuart, Harry D. Moreland, and Jack E. Campbell, Tulsa, for plaintiff in error.

BRETT, P. J. The plaintiff in error, C. C. Couch, defendant below, was charged by information in the muncipal court of Tulsa, Tulsa county, Oklahoma, with having committed the offense of failing to yield the right of way off of a stop sign at the intersection of Archer and Denver streets in the city of Tulsa, Oklahoma, contrary to § 139(c), Ordinancs of the city of Tulsa. The defendant waived a jury, and the case was tried to the municipal judge, Honorable C. M. Warren. The defendant was found guilty and fined $9 and costs, and judgment and sentence was entered accordingly, from which this appeal has been taken.

The defendant filed his brief herein on September 4, 1951. No brief has been filed herein on behalf of the municipality of Tulsa and under such circumstances we can only presume the city does not intend so to do. The record herein makes the reason for failure to brief this case most apparent. Briefly, the facts are, a collision resulted between an interurban being operated by Mr. C. C. Couch for the Sand Springs Railway Company, and an automobile being driven by Mrs. Blazny. It appears she was returning from taking her husband to work, as related at the time of trial by Officer Vanlandingham. Mrs. Blazny did not appear and testify at the time of trial. Mrs. Blazny was proceeding north on Denver street coming up out of the underpass from the Frisco Railroad tracks at 40 to 45 miles an hour, some 200 to 250 feet away from the interurban tracks as testified to by three eyewitnesses, when she was first observed by Mr. Couch. Mr. Couch was going east on Archer street and had stopped at the stop line for traffic clearance. The traffic had cleared and Mrs. Blazny being so far away he proceeded into the intersection, sounding his whistle all the way, but when he got six feet from the curb on the east side of the street he saw Mrs. Blazny was not going to stop and a collision was imminent, so he stopped the interurban when Mrs. Blazny was only a short distance away from the front end thereof. Mrs. Blazny's automobile hit the front of the interurban with the left front fender of her car. This evidence offered by Mr. Couch was corroborated by two other eyewitnesses, a Mrs. Shannon H. Easter and Mrs. Glen Roberts, both of whom were passengers on the interurban and saw the collision as hereinbefore related. It was stipulated by and between counsel for the parties that their testimony would be the same as that of Mr. Couch. No other eyewitnesses testified. A Mr. Hurt and Mr. Couch testified skidmarks were made by Mrs. Blazny's car for a distance of 15 or 16 steps, respectively, from the point where they began to be made, they followed up to the point of Mrs. Blazny's tires.

The city of Tulsa relied on the evidence of Mr. Vanlandingham, a traffic policeman of Tulsa, who neither saw the accident nor the skidmarks. It appears his entire testimony was based on what observations he made at the scene of the collision and what he learned in conversation with Mrs. Blazny, as to speed and the conditions under which the collision occurred. Mr. Vanlandingham corroborated Mr. Couch to the effect that Couch told him he stopped at the stop line, waited for traffic to clear, and that he observed Mrs. Blazny quite some distance to the south and thought he had time to clear the intersection. As hereinbefore related Mrs. Blazny was not present at the trial and did not testify.

The defendant contends the evidence is entirely insufficient to sustain the conviction. We believe this contention is clearly supported by the evidence. The competent and reliable evidence in the record clearly shows that defendant C. C. Couch acted in a lawful and prudent manner, and that he did yield the right of way as by law provided and that after he got past the center of the intersection Mrs. Blazny was at fault. It is an inescapable conclusion that the evidence is insufficient to sustain the conviction. The trial judge should have sustained the defendant's motion for

new trial. We do not know what influenced the trial judge to find the defendant guilty, but it has been held by this court in Morris v. State, 30 Okla. Cr. 382, 236 P. 443:

"This court is reluctant to reverse a case on the ground of insufficiency of the evidence, and it is only where it is clearly against the weight of the evidence, appears to have been influenced by passion, prejudice, or by reason of some error or is insufficient to establish guilt beyond a reasonable doubt that a case will be reversed for this reason."

And in Sherman v. State, 12 Okla. Cr. 16, 151 P. 486, that where a conviction is wholly without evidence to support it, it will be vacated and set aside. Furthermore, in Camp v. State, 44 Okla. Cr. 70, 279 P. 692, that when the verdict is manifestly contrary to the evidence this court has no discretion but must reverse the judgment. Such is clearly the situation confronting the court in the case at bar. The trial court should have found the defendant not guilty. Because of the insufficiency of the evidence to sustain the conviction, the trial court erred in denying the defendant's motion for new trial, and the judgment and sentence entered herein is accordingly reversed and remanded, with directions to dismiss.

JONES and POWELL, JJ., concur.